**DENTONS US LLP**
John R. Vales, Esq.
Erika M. Lopes-McLeman, Esq.
101 JFK Parkway
Short Hills, NJ 07078
(973) 912-7100
john.vales@dentons.com
erika.lopes-mcleman@dentons.com
*Attorneys for Defendant*
*American Bankers Insurance Company*
*of Florida*

| | |
|---|---|
| JOHN J. SMITH, JR. and CONCHITA SMITH, his wife<br><br>Plaintiff(s),<br><br>vs.<br><br>KEER & HEYER, INC. and its employees, agents, or servants and AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA and its employees, agents or servants and JOHN DOE and ROBERT ROE and ABC CO. and XYZ CORP. (fictitious names)AMERICAN SECURITY INSURANCE COMPANY,<br><br>Defendant(s). | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION NO.<br><br>*DOCUMENT FILED ELECTRONICALLY*<br><br>**NOTICE OF REMOVAL OF DEFENDANT AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA**<br><br>Removed from the<br>Superior Court of New Jersey,<br>Hudson County |

TO:  United States District Court - District of New Jersey
     Martin Luther King Building & U.S. Courthouse
     50 Walnut Street
     Newark, New Jersey 07101

With Notice to:

Clerk of the Superior Court of New Jersey
Hudson County
595 Newark Avenue, Room G-9
Jersey City, New Jersey  07306

John J. Smith, Jr. & Conchita Smith.

105718987\V-2

762 Broadway
Bayonne, New Jersey 07002
*Pro Se*

Dante C. Rohr, Esq.
Marshall, Dennehey, Warner, Coleman & Goggin
15000 Midatlantic Drive, Suite 200
PO Box 5429
Mount Laurel, NJ 08054
*Attorneys for Defendant Keer & Heyer, Inc.*

   Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant American Bankers Insurance Company of Florida ("ABIC"), a Write-Your-Own ("WYO") carrier under FEMA's Write-Your-Own program (*see* 44 C.F.R. §§ 62.23-.24), files the following Notice of Removal of the above-captioned action from Superior Court of New Jersey, Hudson County, Law Division, where it is now pending, to the United States District Court for the District of New Jersey.  In accordance with 28 U.S.C. § 1446, all defendants that have been duly served and joined as of the date herein consent to removal.  As and for the grounds for removal, ABIC respectfully states:

   1. This action is properly removable pursuant to 28 U.S.C. §§ 1441 and 1446 because: (i) this Court has original and exclusive subject matter jurisdiction over the claims asserted against ABIC pursuant to 42 U.S.C. § 4072 and 28 U.S.C. § 1331; (ii) this Court has original jurisdiction over the claims asserted against ABIC and Keer & Heyer, Inc. (KHI) (collectively, "Defendants") pursuant to 28 U.S.C. § 1331 because Plaintiffs John and Conchita Smith's ("the Smiths" or "Plaintiffs") right to relief on all counts of the Complaint "necessarily depend[] on the resolution of a substantial question of federal law," namely the handling of a claim by ABIC, made under a Standard Flood Insurance Policy codified at 44 C.F.R. Pt. 61, App. A(1) ("SFIP") issued pursuant to the National Flood Insurance Program; and (iii) in the alternative, this Court has supplemental jurisdiction over the claims asserted against KHI pursuant to 28 U.S.C. § 1367.

**I. Commencement of the Action**

1. Plaintiffs initiated this action by filing a First Amended Complaint in the Superior Court of New Jersey, Hudson County, Law Division, which was docketed and is pending as HUD-L-002941-17 (the "Action").

2. Plaintiffs did not serve ABIC with the First Amended Complaint.

3. Plaintiffs subsequently filed a Second Amended Complaint (SAC) on or about October 25, 2017.

4. Plaintiffs served ABIC with a copy of the Summons and SAC on November 8, 2017, which is attached hereto as **Exhibit A.**

5. The Summons and SAC constitutes the initial pleading for purposes of removal under 28 U.S.C. § 1446(b). This Notice is being filed and served within 30 days of service upon ABIC, and therefore removal is timely.

6. Concurrent with the filing of this Notice of Removal, ABIC is submitting the Consent to Removal of Defendant KHI, and written Notice of Removal to the Superior Court of New Jersey, Hudson County, Law Division, and serving a copy of the Notice of Removal upon Plaintiffs.

**II. Nature of the Action**

7. The case arises out of an insurance claim made by ABIC's insureds, John J. Smith and Conchita Smith, for damages incurred during Superstorm Sandy.

8. ABIC, a WYO Carrier, issued the Smiths an SFIP pursuant to the National Flood Insurance Program, which policy provided the Smiths with certain flood insurance for property located at 1740 Bay Isle Dr., Point Pleasant, New Jersey 08742.

9. Plaintiffs allege that they timely notified Defendants of their "building" and "contents" claim following Superstorm Sandy, but that Defendants "denied coverage relating to plaintiffs' 'contents' claim." SAC ¶¶7-8.

10. The SAC contains four counts -- request for a declaration of coverage, breach of contract, breach of fiduciary duty, bad faith -- arising out of the alleged improper handling of Plaintiffs' insurance claim.

11. Count Three of the SAC is alleged as against ABIC and KHI.

12. Counts One, Two, and Four of the SAC are alleged against ABIC only.

### III. This Court Has Original and Exclusive Jurisdiction Over the Claims Against ABIC Pursuant to 42 U.S.C. § 4072

13. Pursuant to 28 U.S.C. § 1441(a), ABIC may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."

14. Under 42 U.S.C. § 4072, "[t]he NFIP provides original and exclusive jurisdiction to the federal district courts for all lawsuits against FEMA or a WYO insurer regarding an NFIP claim." *McMullin v. Harleysville Ins. Co.*, 2015 WL 586007, at *2 (D.N.J. Feb. 11, 2015).

15. Consistent with this statute, the SFIP pursuant to which Plaintiffs made the insurance claims and upon which Plaintiffs' claims in this lawsuit arise provides:

> This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968 …, and Federal common law.

44 C.F.R. pt. 61, App. A(1), Art. IX.

16. Therefore, Plaintiffs' claims are within the original and exclusive jurisdiction of the federal courts.

**IV.     This Court Has Original Jurisdiction Over the Claims Asserted Against ABIC and KHI  Pursuant to 28 U.S.C. § 1331.**

17.     Federal jurisdiction under 28 U.S.C. § 1331 exists when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *McMullin*, 2015 WL 586007, at *2 (same).

18.     Here, despite asserting state law claims, the allegations of the SAC make clear that Plaintiffs' claims implicate the Defendants' alleged mishandling of a claim under an insurance policy issued pursuant to a government program and codified in Federal law.  As such, the Plaintiffs' right to relief under its breach of fiduciary duty and bad faith claims "necessarily depends on the resolution of a substantial question of federal law."  *McMullin*, 2015 WL 586007, at *2; *Morris v. Simsol Insurance Svcs.*, 2013 WL 6590584, at *4 (W.D. La. 2013) (insured's state law claims against independent adjusters and others relating to the handling of the Plaintiff's insurance claim held to necessitate the interpretation of federal law).

**IV.     This Court Has Supplemental Jurisdiction Over KHI Pursuant to 28 U.S.C. § 1367**

19.     Even if this Court does not have original jurisdiction over KHI under 28 U.S.C. § 1331, it has supplemental jurisdiction over KHI pursuant to 28 U.S.C. § 1367.  The SAC contends that "Defendant [KHI] re-issued the policy for flood coverage underwritten by Defendant [ABIC] covering [the Property]" and that such action was undertaken "year in and year out".  SAC ¶¶ 3-4.  As such, the claims against KHI "are so related" to the claims asserted against ABIC, for which this Court has original jurisdiction as set forth above, "that they form part of the same case or controversy."  28 U.S.C. § 1367.

## V. ABIC Obtained Consent to Removal From Co-Defendant KHI, Which Is The Only Other Defendant In This Case

20. Pursuant to 28 U.S.C. § 1446(b)(2)(A), ABIC obtained the written consent of Defendant KHI to remove this action and file the within Notice of Removal. KHI's written consent is attached hereto as **Exhibit B**.

21. Defendant KHI is the only other defendant in this case and thus ABIC has obtained consent of all defendants to remove.

WHEREFORE, with the consent of Defendant KHI, Defendant American Bankers Insurance Company hereby removes the above-described action now pending in the Superior Court of New Jersey, Hudson County, Law Division, to the United States District Court for the District of New Jersey, and respectfully notifies the Court, the state court, and all parties of the removal of this action to this federal district court.

        DENTONS US LLP

        By: /s/ John R. Vales
        John R. Vales, Esq.
        Dentons US LLP
        101 JFK Parkway
        Short Hills, NJ 07078
        (973) 912-7100
        john.vales@dentons.com
        *Attorneys for Defendant*
        *American Security Insurance Company*

Dated:    Short Hills, New Jersey
             December 4, 2017