

# Notice of Service of Process

null / ALL
Transmittal Number: 17377781
Date Processed: 11/09/2017

| | |
|---|---|
| **Primary Contact:** | Ms. Mona Cohen<br>Assurant<br>11222 Quail Roost Drive<br>Miami, FL 33157-6596 |
| **Entity:** | American Bankers Insurance Company of Florida<br>Entity ID Number  0470861 |
| **Entity Served:** | American Bankers Insruance Company of Florida c/o Assurant Insurance Agency, Inc. |
| **Title of Action:** | John J. Smith, Jr. vs. Keer & Heyer, Inc. |
| **Document(s) Type:** | Summons and Amended Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Hudson County Superior Court, New Jersey |
| **Case/Reference No:** | HUD-L-002941-17 |
| **Jurisdiction Served:** | New Jersey |
| **Date Served on CSC:** | 11/08/2017 |
| **Answer or Appearance Due:** | 35 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | John J. Smith, Jr<br>201-858-3153 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**DULY SERVED**
DATE 11-8-17
John A. Kemler, Sheriff
BY _R. Samnski_
Special Deputy

*Attorney(s):* John J. Smith, Jr.
*Office Address & Tel. No.:* 762 Broadway, Bayonne, NJ 07002   (201) 858-3153
*Attorney(s) for Plaintiff(s)*

| | |
|---|---|
| *Plaintiff(s)* | SUPERIOR COURT OF NEW JERSEY |
| | HUDSON COUNTY |
| | LAW DIVISION |
| JOHN J. SMITH and CONCHITA SMITH, his wife | |
| | DOCKET NO.: HUD-L-2941-17 |
| vs. | |
| *Defendant(s)* | |
| KEER & HEYER, INC. and its employees, agents or servants and AMERICAN BANKERS INSRUANCE COMPANY OF FLORIDA and its employees, agents or servants and JOHN DOE and ROBERT ROE and ABC CO. and XYZ CORP. (fictitious names) | CIVIL ACTION |
| | *Summons* |

*The State of New Jersey, to the Above Named Defendant(s):*

YOU ARE HEREBY SUMMONED in a Civil Action in the Superior Court of New Jersey, instituted by the above named plaintiff(s), and required to serve upon the attorney(s) for the plaintiff(s), whose name and office address appears above, an answer to the annexed complaint within **35** days after the service of the summons and complaint upon you, exclusive of the day of service. If you fail to answer, judgment by default may be rendered against you for the relief demanded in the complaint. You shall promptly file your answer and proof of service thereof in duplicate* with the Clerk of the Superior Court, at*
    595 Newark Avenue, Jersey City, New Jersey
                , in accordance with the rules of civil practice and procedure.
    If you cannot afford to pay an attorney, call a Legal Services Office. An individual not eligible for free legal assistance may obtain a referral to an attorney by calling a county lawyer referral service. These numbers may be listed in the yellow pages of your phone book. The phone numbers for the county in which this action is pending are: Lawyer Referral Service, (201) 798-2727, Legal Services Office, (201) 792-6363

Dated: October 31, 2017

_Michelle M. Smith_
Clerk of the Superior Court

Name of defendant to be served: American Bankers Insruance Company of Florida c/o Assurant Insurance Agency, Inc.
Address for service: Princeton South Corporate Ctr Ste 160, 100 Charles Ewing Blvd, Ewing, NJ 08628

*For direct filing add address for County Clerk and strike "in duplicate."
 For Trenton filing add CN-971, Trenton, N.J. 08625

JOHN J. SMITH, JR. (042121986) & CONCHITA SMITH
762 BROADWAY
BAYONNE, NJ 07002
(201) 858-3153
*Pro-Se*

| | |
|---|---|
| JOHN J. SMITH, JR. and CONCHITA SMITH, his wife | SUPERIOR COURT OF NEW JERSEY HUDSON COUNTY : LAW DIVISION |
| Plaintiff(s) | DOCKET NO.: HUD-L-002941-17 |
| vs. | CIVIL ACTION |
| KEER & HEYER, INC. and its employees, agents, or servants and AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA and its employees, agents or servants and JOHN DOE and ROBERT ROE and ABC CO. and XYZ CORP. (fictitious names) | SECOND AMENDED COMPLAINT AND JURY DEMAND |
| Defendant(s) | |

Plaintiffs, John J. Smith, Jr. and Conchita Smith, by way of Complaint for Declaratory Judgment, and other relief against Defendants state as follows:

## COUNT ONE

1. John J. Smith, Jr. and Conchita Smith are individuals and residents of Hudson County, in the State of New Jersey.

2. Upon information and belief, Defendant Keer & Heyer, Inc. and ABC Co. and XYZ Corp. are corporations organized under the laws of the State of New Jersey, with a place of business located at 1001 Richmond Avenue, in the Borough of Point Pleasant, State of New Jersey (hereinafter "Keer"). Upon information and belief, Defendant American Bankers Insurance Company of Florida (hereinafter "Bankers") is an insurance company that is and has been an underwriter for flood policies in the State of New Jersey. Upon information and belief, Defendants Keer and Bankers now and at all times relevant to the allegations in this Complaint, were licensed and authorized by various states, including New Jersey, to conduct business, including the processing and selling of insurance policies, including the policy at issue herein.

3. Plaintiffs are owners of property located at 1740 Bay Isle Drive, Point Pleasant, New Jersey 08742 and have owned this property since 2004. At the time of purchase, Plaintiffs were required to obtain Flood insurance as a mortgage requirement and sought coverage from

Defendant Keer. Plaintiff contacted Defendant Keer and described its property and forwarded requisite paperwork to obtain flood insurance. Plaintiff received a policy declaration sheet with an issue date of October 28, 2004 (attached hereto as Exhibit "A"). Upon review of this document, Plaintiff noted that the limit of liability for "contents" included "None" and any deductible was "N/A". Also "rates and amount of insurance in force" had no notations. Upon inquiry with Defendant Keer representative, Plaintiff was informed that no contents coverage was available under this type of policy nor was required by mortgage company. This policy was renewed year in and year out under the same or similar terms and conditions and Plaintiff was under the knowledge that this flood insurance was only applicable to structures.

4. Defendant Keer re-issued the policy for flood coverage underwritten by Defendant Bankers covering Plaintiff's property located at 1740 Bay Isle Drive, Point Pleasant, New Jersey for the period of August 30, 2012 to August 30, 2013.

5. On October 29, 2012 Super Storm Sandy damaged Plaintiffs' residence located at 1740 Bay Isle Drive, Point Pleasant, New Jersey and as such Plaintiffs incurred losses to the structure and its contents.

6. After reporting the claim to Defendants, Plaintiff was informed there was no contents coverage, yet could have been elected. Plaintiff came to learn that the premium for contents coverage was very minimal and could have easily been contained in the premium. Upon information and belief, Plaintiff came to learn that the agents only receive a commission on the "building" portion of the coverage and do not receive any commission when they write the "contents" portion of the policy.

7. On or after October 29, 2012, Plaintiffs timely notified Defendants of the claims asserted against it in the within action, and requested coverage, for both "building" coverage and "content" coverage, under its flood insurance policy.

8. Although Defendant Bankers addressed Plaintiffs' claims regarding damage to the structure located at 1740 Bay Isle Drive, Point Pleasant, New Jersey, it denied coverage relating to Plaintiffs' "contents" claim.

9. On or around March 15, 2013 Plaintiffs refuted Defendants' position that "contents" coverage was not available in relation to the losses sustained on October 29, 2012 and yet Defendant persists in its position, wrongfully denying coverage for loss of contents.

10. Plaintiffs have performed all of its contractual obligations under said policy issued from Defendants Bankers.

11. Defendants Bankers have breached its duties relative to this contract of insurance by failing to adequately insure and inform Plaintiffs of the available coverages under said policy.

12. Plaintiffs are entitled to a judicial determination whether the "contents" coverage existed with respect to the policy regarding the parties.

WHEREFORE, Plaintiffs demands judgment against Defendants Bankers for declaration that (a) there was full coverage, including contents coverage; (b) compensatory and consequential damages; (c) prejudgment and post-judgment interest; (d) attorney's fees & costs in establishing claims and prosecuting actions; (e) such other and further relief as the Court may deem proper.

## COUNT TWO

1. Plaintiffs repeat each and every allegation of Count One as if set forth herein at length.

2. Plaintiffs performed all of its contractual obligations due and owing under the referenced policy. Defendant Bankers have breached the insurance contract by failing to honor and acknowledge its contractual obligations and failing in its fiduciary relationship to represent Plaintiffs and present adequate insurance coverage for losses claimed herein.

3. As a result of Defendants' breach, Plaintiffs have sustained substantial damages.

WHEREFORE, Plaintiffs demand judgment against Defendants Bankers for declaration that (a) there was full coverage, including contents coverage; (b) compensatory and consequential damages; (c) prejudgment and post-judgment interest; (d) attorney's fees & costs in establishing claims and prosecuting actions; (e) such other and further relief as the Court may deem proper.

## COUNT THREE

1. Plaintiffs repeat each and every allegation of Counts One and Two as if set forth herein at length.

2. An insurance contract and insurance agents and insurers act in a fiduciary capacity vis-à-vis to their insurance and the insured.

3. As a fiduciary the highest level of fidelity and candor and in that capacity occupies a special relationship with the Plaintiffs.

4. Defendants Keer and Defendant Banker's conduct herein violated its fiduciary obligations owed to Plaintiffs.

5. Defendants Keer and Defendant Bankers negligently, knowingly and/or willfully breached its obligations owed to Plaintiff, in that the Defendants failed to properly inform Plaintiff's that contents coverage was available under the terms of its policy and failed to adequately insure Plaintiff for losses sustained on or about October 29, 2012.

6. As a direct and proximate result of its breach of fiduciary duty, Plaintiffs have sustained damage.

WHEREFORE, Plaintiffs demand judgment against Defendants Keer and Defendant Bankers for declaration that (a) there was full coverage, including contents coverage; (b) compensatory and consequential damages; (c) prejudgment and post-judgment interest; (d) attorney's fees & costs in establishing claims and prosecuting actions; (e) such other and further relief as the Court may deem proper.

## COUNT FOUR

1. Plaintiffs repeat each and every allegation of Counts One, Two and Three as if set forth herein at length.

2. Defendant Bankers issued its policy and as with all contracts, contains an implied covenant of good faith and fair dealing.

3. Defendant Bankers knew or should have known that an affirmative duty and obligation to provide contents insurance was inherent in said contract of insurance.

4. Defendant breached this duty of good faith and fair dealing because it had no fairly debatable reason or basis for refusing to provide and/or offer contents coverage for Plaintiffs' losses claimed on October 29, 2012.

5. As a result of Defendants' bad faith, Plaintiffs have been harmed and have sustained substantial damages.

WHEREFORE, Plaintiffs demand judgment against Defendant Bankers for declaration that (a) there was full coverage, including contents coverage; (b) compensatory and consequential damages; (c) prejudgment and post-judgment interest; (d) attorney's fees & costs in establishing claims and prosecuting actions; (e) such other and further relief as the Court may deem proper.

## CERTIFICATION

Plaintiffs hereby certify that the matter in controversy is not the subject of any other action pending in any Court and is likewise not the subject to any pending arbitration proceeding. Plaintiffs further certify that they have no knowledge of any contemplated action or arbitration proceeding which I contemplated regarding the subject matter of this action and are not aware of any other parties who should be joined in the action.

Dated: 10/25/17    By: _____
                         John J. Smith, Jr., Esq.

                   By: _____
                         Conchita Smith

## DEMAND FOR INTERROGATORIES

Plaintiffs demand that Defendant answer Form interrogatories as prescribed by rule.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to provisions of Rule 4:25-4, the Court is advised that John J. Smith, Jr. (pro-se) is hereby designated as trial counsel.

## JURY DEMAND

Plaintiffs demand a trial by jury as to all issues.

Dated: 10/25/17    By: _____
                         John J. Smith, Jr., Esq.

                   By: _____
                         Conchita Smith

# EXHIBIT "A"

FLOOD POLICY DECLARATIONS NO.
10/28/2004
AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA
SCOTTSDALE AZ 85258

**American Bankers**
Insurance Company of Florida

AMENDED POLICY DECLARATIONS

ISSUE DATE 10/28/2004

| NAMED INSURED AND MAILING ADDRESS | AGENT'S NAME AND ADDRESS |
|---|---|
| JOHN J. SMITH<br>CONCHITA SMITH<br>1740 BAY ISLE DR<br>POINT PLEASANT NJ 08742 | KEER & HEYER INC<br>1001 RICHMOND AVE<br>PO BOX 1030<br>POINT PLEASANT NJ 08742 |

POLICY TERM: 1 YEAR(S)   INCEPTION: 8/30/2004   EXPIRATION: 8/30/2005

THESE DECLARATIONS ARE EFFECTIVE 8/30/2004 12:01 A.M. LOCAL TIME AT THE DESCRIBED LOCATION COVERED BY THIS POLICY LOCATED AT THE ABOVE MAILING ADDRESS, UNLESS OTHERWISE STATED BELOW.

1740 BAY ISLE AVE
POINT PLEASANT NJ 08742

### RATING INFORMATION

| | | | |
|---|---|---|---|
| CONSTRUCTION DATE: 01/01/1973 | COMMUNITY NAME: POINT PLEASANT, BOROUGH OF | | |
| BUILDING DESCRIPTION: SINGLE FAMILY | COMMUNITY NO.: 3453130001B | COMMUNITY RATING: 09 | |
| NO. OF FLOORS: ONE | PROGRAM STATUS: REGULAR | RISK ZONE: A05 | |
| BASEMENT DESCRIPTION: NONE | CONDO TYPE: NOT A CONDO | NO. OF UNITS: N/A | |
| CONTENTS LOCATION: LOWEST FLOOR ONLY | | ELEVATED BUILDING: NO | |

LOWEST FLOOR ELEVATON: N/A    BASE FLOOD ELEVATION: N/A    RATING ELEVATION: N/A

| LIMITS OF LIABILITY | BUILDING<br>CONTENTS | $250,000<br>NONE | DEDUCTIBLE<br>AMOUNTS | BUILDING<br>CONTENTS | $1,000<br>N/A |
|---|---|---|---|---|---|

### RATES AND AMOUNT OF INSURANCE IN FORCE FOR BUILDING AND CONTENTS

| TYPE OF COVERAGE | BASIC | | | ADDITIONAL | | | DEDUCTIBLE BUYBACK/DISC. | TOTAL PREMIUM |
|---|---|---|---|---|---|---|---|---|
| | AMT. OF INS. | RATE | PREMIUM | AMT. OF INS. | RATE | PREMIUM | | |
| BUILDING | 50,000 x | .76 = | $380 | 200,000 x | .34 = | $680 | $.00 | $1,060.00 |
| CONTENTS | ----- | | | ----- | | | N/A | ----- |

FIRST MORTGAGEE NAME AND ADDRESS    LOAN NO. 567782107
GMAC MORTGAGE CORPORATION
ISA/OA
PO BOX 10430
VAN NUYS CA  91410

| | |
|---|---|
| PREVIOUS PREMIUM SUBTOTAL | 1,150.00 |
| COVERAGE D (ICC) | INCL |
| ENDORSEMENT AMOUNT | -56.00 |
| TOTAL PAID PREMIUM | $1,094.00 |

ENDORSEMENTS:
ABIC:AB4 INSURED MAIL ADDRESS CHANGED
PROPERTY ADDRESS CORRECTED
COMMUNITY NUMBER CORRECTED

| AGENCY NO. | PRODUCER NO. | AGENT PHONE NO. | PAYOR | COUNTERSIGNATURE |
|---|---|---|---|---|
| 2721001 | | (732) 892-7700 | INSURED | |