NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SMITH, et al.,** *Plaintiffs,* v. **KEER & HEYER, INC., et al.,** *Defendants.* | **Civil Action No. 17-12460** **OPINION** |

This matter comes before the Court by way of Defendant American Bankers Insurance Company of Florida's ("ABIC") Motion to Dismiss Plaintiffs John J. Smith, Jr.'s, and Conchita Smith's ("Plaintiffs" or the "Smiths") Second Amended Complaint ("SAC") pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 5, 1.1. For the reasons set forth below, the motion is **GRANTED**.

**I. BACKGROUND**

This insurance dispute arises from damages to Plaintiffs' premises located at 1740 Bay Isle Drive, Point Pleasant, New Jersey 08742-5210 ("the Property") sustained during Superstorm Sandy.

**A. The Policy**

When Plaintiffs purchased the Property in 2004, they were required to obtain flood insurance as a mortgage requirement and sought coverage from Keer & Heyer, Inc. ("Keer"), an insurance broker located in Point Pleasant Beach, New Jersey. Compl. at pp. 1-2. ABIC, a Write-Your-Own ("WYO") insurer pursuant to the National Flood Insurance Act of 1968[1] (the "NFIA"),

---

[1] 42 U.S.C. § 4001, et seq.

subsequently issued a Standard Flood Insurance Policy in 2004 through their agent, Keer. Plaintiffs renewed the Policy year after year, with the policy renewed effective August 30, 2012 to August 30, 2013 at issue in this action (the "Policy").[2] Certification of Patricia Mulvania ("Mulvania Cert.", Ex. 1). Plaintiffs received a policy declaration sheet, which indicated that the limit of liability for "contents" was "None" and any deductible was "N/A". SAC at p. 2. Upon inquiry, Keer allegedly informed Plaintiffs that contents coverage was neither available under this type of policy nor required by the mortgage company. Id. Plaintiffs do not dispute that they did not have coverage for "contends" under the Policy.

### B. Superstorm Sandy Loss

On October 29, 2012, the Property was damaged by Superstorm Sandy. Plaintiffs allege they submitted a building claim and contents claim to ABIC under the Policy in connection with their loss. Id. ABIC "addressed" Plaintiffs' claim regarding building damage but denied coverage relating to Plaintiffs' contents claim. Id.

### C. Procedural History

The SAC alleges four counts in total, including Count One for a judicial declaration, Count Two for breach of contract, Count Three for breach of fiduciary duty, and Count Four for breach of the implied covenant of good faith and fair dealing. In sum and substance, Plaintiffs allege that ABIC failed to inform them of the availability of content coverage under the Policy, thereby breaching their contractual obligations, their fiduciary obligations, and the covenant of good faith and fair dealing. Plaintiffs seek a declaratory judgment that there was full coverage under the

---

[2] In deciding a motion to dismiss, the Court generally considers only the facts set forth in the complaint, exhibits attached to the complaint, and facts existing in the public record. Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). However, a court may also "consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Id.

Policy, including contents coverage, along with damages, interest, and fees and costs. Plaintiffs commenced this action in Hudson County New Jersey Superior Court in 2017. Thereafter, ABIC removed this matter to federal court on the basis of federal question jurisdiction, arguing that Plaintiffs state law claims are preempted by federal law.

## II. STANDARD OF REVIEW

In considering a motion to dismiss, the Court accepts as true all of the facts in the complaint and draws all reasonable inferences in favor of the nonmoving party. Phillips v. Cty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). Dismissal is inappropriate even where "it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." Id. at 231. However, the facts alleged must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Therefore, a complaint will survive a motion to dismiss if it provides a sufficient factual basis such that it states a facially plausible claim for relief. Iqbal, 556 U.S. at 678.

## III. DISCUSSION

### A. Federal Preemption

ABIC argues that Plaintiffs' state law claims are preempted by the NFIA. The Court disagrees.

In order to assess the issue of federal preemption, some background analysis of the NFIA is required.

> The National Flood Insurance Act of 1968 ("NFIA"), 42 U.S.C. §§ 4001–4129, established the National Flood Insurance Program ("NFIP") in order to provide flood insurance at reasonable rates through federal funding. 42 U.S.C. § 4017 (2003); see also Van Holt v. Liberty Mutual, 163 F.3d 161, 164 n.2 (3d Cir. 1998). Under the NFIA, FEMA is permitted to implement the program either by issuing its own flood insurance policies, or by authorizing private insurance companies to implement the policies as agents of the United States. Id. §§ 4071(a), 4081. To this end, FEMA established the WYO program, which allowed private companies

to issue policies in accordance with the terms of the NFIP. 44 C.F.R. § 62.63. As such, WYO companies are required to adjust claims in accordance with the terms of the Standard Flood Insurance Policy ("SFIP"). See Bay Point I, 2013 WL 6252692, at *10[3] (holding that WYO insurer Standard was obligated to follow FEMA Claims Manual). WYOs handle all administration of the policies, including adjustment, settlement, payment, and defense of claims, with the federal government acting as a financial guarantor. 44 C.F.R. § 62.63.

Residences at Bay Point Condo. Ass'n, Inc. v. Chernoff Diamond & Co., LLC, No. 16-5190, 2017 WL 1364593, at *3 (D.N.J. Apr. 13, 2017). In 2003, FEMA revised the SFIP to include a provision on jurisdiction. It reads:

> This policy and all disputes arising from the **handling** of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968 . . . and Federal common law.

Id. at *8 (quoting 44 C.F.R. pt. 61, app. A(2), art. IX) (emphasis added). Consistent with this provision, ABIC argues Plaintiffs state law claims are preempted because they arise from ABIC's handling of Plaintiffs' claim under the policy.

As it relates to claims involving Standard Flood Insurance Policies, "[i]n general, federal courts recognize that claims sounding in policy "handling" are preempted." Id. (citations omitted). However, federal courts "have distinguished between claims sounding in procurement and claims sounding in handling." Id. (citations omitted). "Accordingly, at least one court in this district has declined to dismiss on preemption grounds," when a case involved policy procurement rather than handling. Id. (citing Danho v. Fidelity Nat. Indem. Ins. Co., 2013 WL 5411195, at *5 (D.N.J. Sept. 26, 2013) ("the Court cannot at this time conclude that Plaintiff's state law claim of negligent misrepresentation in the procurement of a flood insurance policy is federally preempted").

---

[3] "Bay Point I" refers to: Residences at Bay Point Condominium Ass'n, Inc. v. Standard Fire Ins. Co. et al., No. 13-02380, 2013 U.S. Dist. LEXIS 170811 at *10, (D.N.J. Dec. 4. 2014).

4

"The status of the plaintiff's coverage at the time of the adverse interaction with defendant WYO company determines whether a claim arising from that interaction relates to claims handling or policy procurement." Bay Point I, 2013 WL 6252692, at *15. If the individual is "already covered and in the midst of a non-lapsed insurance policy, the interactions between the insurer and the insured, including renewals of insurance are 'claims handling' subject to preemption." Grissom v. Liberty Mut. Fire Ins. Co., 678 F.3d 397, 401 (5th Cir. 2012). In other words, when there is an existing insurance relationship between the claimant and the insurer at the time of the alleged interaction between the parties, the lawsuit sounds in claims handling, not procurement. Residences at Bay Point, 2017 WL 1364593 at *3 (citing Bay Point I, 2013 WL 6252692, at *15). When, however, there is not an existing relationship between the claimant and the insurer—for example, if coverage has lapsed[4] or if a claim relates to an insurer's failure to provide the coverage requested and represented to have been provided[5]—then a claim is procurement-related.

Applying these principles here, ABIC argues that any alleged conduct giving rise to Plaintiffs' claims—the denial of their request for contents coverage—occurred long after Plaintiffs established an insurance relationship with ABIC as a WYO carrier in 2004 and are therefore preempted as sounding in claims handling. The Court agrees, in part. To the extent Plaintiffs contend ABIC "wrongfully den[ied] coverage for loss of contents," their claim sounds in handling and falls under federal law. SAC at p. 1, ¶ 9. Moreover, this claim fails because Plaintiffs acknowledge that they did not have contents coverage under the Policy. Pl. Br. at 5, ECF No. 7. The claim for coverage under the policy is therefore dismissed.

---

[4] Campo v. Allstate Ins. Co., 562 F.3d 751, 756 (5th Cir. 2009)
[5] Simmons v. Mississippi Farm Bureau Cas. Ins. Co., No. 12-00063, 2013 WL 3895043, at *4 (N.D. Miss. July 29, 2013)

However, the bulk of the SAC does "not seek recovery for any denial of coverage under the subject policy, but rather for (1) ABIC's and Keer's "conduct . . . in the representations made about the policy and in the procurement of the subject policy," Simmons v. Mississippi Farm Bureau Cas. Ins. Co., No. 12-00063, 2013 WL 3895043, at *4 (N.D. Miss. July 29, 2013), and (2) ABIC's and Keer's "errors and omissions in failing to provide contents coverage under their homeowner's and flood insurance policies," id. (citing Landry v. State Farm Fire & Cas. Co., 428 F.Supp.2d 531 (E.D.La. 2006)). "Such procurement-related claims sound in state law." Id. Consequently, Plaintiffs' state law claims against ABIC and Keer are not preempted, insofar as they relate to the representations and conduct concerning Plaintiffs' initial obtaining of coverage. Because the Court declines to exercise supplemental jurisdiction, as discussed below, it will not opine on the merits of these claims.

**B. Remand**

In the absence of any federal question, the remaining potential basis for this Court's jurisdiction over Plaintiffs' remaining state law claims is supplemental jurisdiction pursuant to 28 U.S.C. § 1367.[6] The Court declines to exercise supplemental jurisdiction and will remand to the state court.

This Court has an obligation to satisfy itself that it has subject matter jurisdiction over a case and to address the issue sua sponte. Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999), overruled on other grounds by Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S. 546 (2005). Parties cannot waive a lack of subject matter jurisdiction or confer it

---

[6] Plaintiffs are New Jersey residents and Defendant Keer is a New Jersey corporation, with a principal place of business in Point Pleasant, New Jersey. Consequently, there is not complete diversity between the parties giving rise to diversity jurisdiction under 28 U.S.C. § 1332. See SAC at p. 1, ¶¶ 1-2.

upon the Court by consent. Brown v. Philadelphia Housing Auth., 350 F.3d 338, 346 (3d Cir. 2003).

"Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 387 (1998) (citation and internal quotation marks omitted). Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); Growth Horizons, Inc. v. Delaware County, Pennsylvania, 983 F.2d 1277, 1284–1285 (3d Cir. 1993). In exercising its discretion, "the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'" Growth Horizons, Inc., 983 F.2d at 1284 (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)). Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims. United Mine Workers, 383 U.S. at 726; Growth Horizons, Inc., 983 F.2d at 1284–85.

Here, the Court has dismissed the federal claims early in the proceedings and exercises its discretion to decline supplemental jurisdiction over any remaining state law claims at this time.

**IV. CONCLUSION**

For the foregoing reasons, the Motion to Dismiss is **GRANTED** with respect to Plaintiffs' claims for content coverage under the policy. Having dismissed Plaintiffs' federal law claims, the Court denies supplemental jurisdiction over Plaintiffs' remaining state law claims. An appropriate order accompanies this opinion.

**Date: July 27, 2018**                    */s Madeline Cox Arleo*
                                           **MADELINE COX ARLEO**
                                           **UNITED STATES DISTRICT JUDGE**